REYNOLDS v. HART.

Ohio Appeals, 5th Dist., Stark Co.

Decided Nov. 27, 1927.

Syllabus by Editorial Staff.

829. NEGLIGENCE—928a. Police Officers.

Police officer in pursuit of speed law violator not bound to observe speed law, but must use reasonable care under circumstances.

Error to Trial Court.

Judgment affirmed.

Amerman & Mills, Canton, for Reynolds.
Ake & Abt, Canton, for Hart.

STATEMENT OF FACTS.

The action here is for damages as the result of a collision between a motorcycle being driven by plaintiff and an automobile being driven by defendant in the village of Brewster, in said county, whereby plaintiff claims to have sustained severe and serious personal injuries, and a partial destruction of his motorcycle, caused by the alleged carelessness and negligence of the defendant.

In his petition plaintiff alleges that on the night of October 12, 1923, he was acting as motorcycle policeman in said village and, while using his motorcycle in pursuit of certain persons violating the speed laws of said village, the defendant, who was traveling the same direction through said village in an automobile, in the rear of said speed violators, suddenly and without warning or signal, and in a careless and negligent manner, turned from the right to the left side of the street or highway with his automobile and, while in the act of so turning his automobile, collided with plaintiff's motorcycle whereby he was thrown off his motorcycle violently to the ground by which he was seriously injured and suffered a long time, as particularly described in said petition, and that his motorcycle was damaged, for which he says he sustained damages in the sum of $5,780 for which he prays judgment.

In his answer defendant admits the collision referred to whereby plaintiff was injured and his motorcycle was damaged, but he makes a general denial of the other allegations in said petition not expressly admitted in said answer.

He further says that as he was traveling through said village of Brewster at a lawful rate of speed in his automobile to make a professional call in said village and, on reaching a point opposite to the residence of his patient which was on the left side of the street in which he was traveling, and giving distinct notice and signal of his intention to cross said street at said point, he undertook to turn his automobile from the right to the left side of

said street or highway to enter the premises of his patient, and, in doing so plaintiff came along on his motorcycle, with a sidecar attached thereto, at a rate of speed not less than fifty miles an hour, and collided with his automobile. He denies that he was in any wise negligent or that he was the cause of plaintiff's injuries, but says that plaintiff's said injuries and the damage to his motorcycle were caused solely by plaintiff's own negligence and he therefore asks for a dismissal of plaintiff's petition.

A general denial is made of the allegations of said answer by the plaintiff.

A verdict was returned by the jury for the defendant and judgment entered thereon. Said judgment is sought to be reversed by the plaintiff by a petition in error upon the grounds of error therein stated.

SHIELDS, J.

"At the conclusion of the trial court's charge to the jury and on the court making inquiry of counsel as to whether anything had been omitted in said charge to which counsel desired to call the court's attention, the following appears.

Mr. Mills: Your Honor, I think you ought to charge this jury on the duties and rights of a motorcycle officer in making arrests inside of the municipality concerning the speed laws. If he is obliged to and his duties require him to drive his motorcycle faster than the speed limit fixed for persons driving in that municipality, it is his duty as an officer to do so. I ask the court to charge that to the jury."

These requests have been examined by us with no little care and we are of the opinion that they and each of them contain a correct statement of the law. While we entertain this opinion, still we likewise think that the request made of the court by counsel for explanatory instructions to the jury concerning the right of an officer to exceed the limitations of a municipal speed ordinance, if necessary, when in pursuit of and apprehending speed violators in such municipality, was not an unreasonable one and should have been given.

In Washing v. Gorham, 9 American Law Reports, Annotated, pg. 368, in discussing the rights of officers charged with the enforcement of a municipal ordinance regulating speed, the court, in the announcement of its opinion, in said case, says:

"That the enforcement of statutory or ordinance provisions limiting the speed at which a motor-propelled vehicle shall be driven over a public highway, against a peace officer, would have a tendency to hamper him in the performance of his official duties, can hardly be doubted. * * * Some officers may abuse their privileges in this respect, as well as in others, and must answer for such abuse. What is meant to be said is that the statutory regulations as to speed do not apply to them, and that for an abuse of their privileges in this respect they must answer in the manner they are required to answer for other abuses of privileges."

In Edberg v. Johnson, Vol. 21, Negligence Compensation Cases, Annotated, pg. 81, is to be found a case closely analagous to the case before us. In passing upon said case, the court says:

"To secure the safety of the public is one of the principal objects of the statute. A criminal, seeking to get away from the scene of his crime, could travel in an automobile driven at a high rate of speed. There are reckless drivers of automobiles who pay no attention to the speed laws. Both classes of offenders must be overtaken by the officers of the law if they are to be placed under arrest. As an aid to officers on patrol duty, no vehicle more serviceable than the motorcycle has as yet been invented. Of course it is possible for some officers to use automobiles instead of motorcycles, but their use would be equally if not more dangerous to others, if driven at a high rate of speed. Taking into consideration the object sought to be obtained by the statute and the evident purpose of the legislature to except from the operation of the statute vehicles employed as instrumentalities of municipal fire and police departments, we hold that motorcycles so employed are within the exception made by the statute.

We do not hold that any officer, when in pursuit of a lawbreaker, is under no obligation to exercise a reasonable degree of care to void injury to others who may be on the public roads and streets. What we do hold is that when so engaged he is not to be deemed negligent merely because he fails to observe the requirements of the motor vehicle act. His conduct is to be examined and tested by another standard. He is required to observe the care which a reasonably prudent man would exercise in the discharge of official duties of a like nature under like circumstances."

The last paragraph in each of the foregoing cited cases seems to hit the reason of the rule that while the privilege mentioned may be accorded an officer in pursuit of a violator of the speed law of a municipality, he is nevertheless liable if he abuses that privilege. The law has no favorites, but if it had it would not likely be ready to bestow its favors upon an office-holding class selected to uphold the supremacy of the law rather than to engage in or connive at its violation. Here the ambition to overtake and apprehend the alleged speed violator was of itself in the line of official duty, but the effort to do so could not be made at the cost of violating the rights of another upon the same highway. Here the defendant assumed, as he had a right to assume, that the highway was free from obstruction and safe to travel on. The jury evidently reached this conclusion and in the light of this record we cannot say that they made a mistake."

(Lemert, J., and Houck, J., concur.)